## CAMPBELL *vs.* PROCTER

Where a tenant at will assented to an extent upon the land as his property, pointing it out to the creditor, assisting the surveyor, and not giving notice that the land belonged to another; this was held to be a determination of his tenancy at will.

In such a case, the landlord may have trespass against the judgment creditor, for his entry on the land and treading down the grass.

Whether a writ of trespass for treading down the grass, brought by the owner of land in the possession of a tenant at will, can be amended by alleging a usurpation of the fee;—*quære.*

THIS was an action of trespass *quare clausum fregit,* brought by *Elizabeth Campbell,* who made title to a farm, including the *locus in quo,* under a deed from *William Campbell,* her father. The defendant was a judgment creditor of the father; and derived his title under the extent of an execution upon the land as the property of the father, subsequent to his deed to the plaintiff, which the defendant impeached as fraudulent and void. The only act of trespass proved was the entry by the defendant, with the deputy sheriff and appraisers, to set off the land. And it appeared that the father, ever since his deed to the plaintiff, and up to the time of the extent, had occupied the land under the plaintiff, as her tenant at will; and that at the time of the extent he was present, and pointed out the place where he wished the land to be set off, saying it would be better for *him,* and for the defendant; and that he assisted in preparing the stakes to mark the limits of the parcel set off.

It was insisted by the counsel for the defendant that the trespass, being merely the treading down of the grass, was an injury not to the plaintiff, but to her tenant at will, who alone was entitled to the remedy. Whereupon the plaintiff moved to amend her writ by charging the defendant with usurping the fee; and this amendment, though resisted, was allowed by the Chief Justice, before whom the cause was tried.

The jury were instructed that if the tenancy at will was determined before the entry by the defendant, the action was maintainable;

and that, if the father consented to the extent of the execution on the *locus in quo,* in preference to any other part of the farm, it was a waiver of his rights as tenant at will, as to that parcel, and so far a determination of the tenancy. And they returned a verdict for the plaintiff, which was taken subject to the opinion of the Court upon the points raised at the trial, and the instructions of the Judge.

*N. Emery* and *Greenleaf,* for the defendant, maintained that the amendment essentially changed the character of the suit, by conveying to the plaintiff a right of action she had not before ; and that therefore it was inadmissible. *Little v. Palister,* 3 *Greenl.* 6. 6. *Dane's Abr.* 265. 267. *Doug.* 63.

And as to the tenancy at will, they argued that it was not determined by the tenant's consent to the levy, because that consent was in no wise necessary to give validity to the act. Though his own title, if he had any, was thereby divested, yet this required no act of his own. It was by operation of law, *in invitum ;* and could not affect his tenancy, which was forfeited by nothing short of a deed, or other voluntary invasion of the rights of his lessor. Here the tenant chose no appraiser, and took no necessary part in the proceedings; but merely indicated, in case he must be deprived of a part of the land, which, of two evils, would afflict him the least.—Without his consent, it was a trespass on him ; with his consent, it was no trespass on his landlord.

*Daveis* and *Deblois,* for the plaintiff.

WESTON J. delivered the opinion of the Court.

The principal question presented in this case is, whether the tenancy at will in *William Campbell* was determined at the time of the alleged trespass. In the relation of landlord and tenant, fidelity is required on the part of the tenant. The authorities, cited for the plaintiff, maintain the position that any act of desertion, or which is inconsistent with an estate at will, done by the tenant, will determine the estate. The tenant, in the case before us, who was the judgment debtor, pointed out the land, which he held at will, to be levied on as his property, and otherwise assisted at the levy. In-

stead of notifying the officer and the judgment creditor, that it was the property of another, and that he held it only at will, as his duty required ; by this act he claimed the land as his own, and thus disclaimed his tenure. This was an unequivocal desertion of his duty as tenant, and an act clearly inconsistent with an estate at will. We are all of opinion that the tenancy at will was thereby determined.

This view of the case removes the objection to the amendment admitted by the judge; who presided at the trial.

<div align="right">

*Judgment on the verdict.*